JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Sharaye Baltimore

**(b)**  County of Residence of First Listed Plaintiff     Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Ashley E. Killeen, Esquire, Kaplun Marx, PLLC
2 Bala Plaza, Ste. 300, Bala Cynwyd, PA 19004 (610) 660-7780

## DEFENDANTS

CVS Pharmacy, Inc., et al.

County of Residence of First Listed Defendant     Providence, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Joel H. Feigenbaum, Esquire, Post & Schell
Four Penn Center, 13th Floor, 1600 JFK Blvd,
Philadelphia, PA  19103 (215) 587-1138

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
    Proceeding

☒ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    Another District
    *(specify)*

☐ 6  Multidistrict
    Litigation -
    Transfer

☐ 8  Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C.

Brief description of cause:
Allegedly tripped and fell

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
04/28/2022

SIGNATURE OF ATTORNEY OF RECORD
Joel H. Feigenbaum, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

SHARAYE BALTIMORE

v.

CVS PHARMACY a/k/a CVS-EMMAUS,
CVS HEALTH, CVS PHARMACY, INC.,
PENNSYLVANIA CVS PHARMACY, LLC,
MENLO REALTY INCOME TRUST 4
a/k/a REALTY INCOME TRUST 4,
ABC CORPS 1-10, JOHN DOES 1-10
and JANE DOES 1-10:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | |
|---|---|
| **April 28, 2022** | **Joel H. Feigenbaum, Esquire** |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendant** |

| | |
|---|---|
| **(215) 587-1138** | **(215) 320-4765** |
| **Telephone** | **FAX Number** |

**E-Mail Address:  jfeigenbaum@postschell.com**

23810224v1

**(Civ. 660) 10/02**

23810224v1

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual

stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ SHARAYE BALTIMORE, 625 Chestnut    Street, Emmaus, PA _____

Address of Defendant: _____ CVS Pharmacy,Inc., 1 CVS Dr, Woonsocket, RI _____

Place of Accident, Incident or Transaction: _____ Emmaus, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/28/2022 _____     Joel H. Feigenbaum _____     315866 _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* Premises
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

- ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

POST & SCHELL, P.C.
BY: CHARLES W. SPITZ, ESQUIRE
I.D. # 81192
E-mail:cspitz@postschell.com
JOEL H. FEIGENBAUM, ESQUIRE
I.D. # 315866
E-mail:jfeigenbaum@postschell.com
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
TELEPHONE: 215-587-1000

ATTORNEYS FOR DEFENDANT,
PENNSYLVANIA CVS PHARMACY,
LLC (I/C/A CVS PHARMACY, CVS
HEALTH, AND CVS PHARMACY, INC.)

| | |
|---|---|
| SHARAYE BALTIMORE, | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff, | |
| vs. | No. |
| CVS PHARMACY a/k/a CVS-EMMAUS, CVS HEALTH, CVS PHARMACY, INC., PENNSYLVANIA CVS PHARMACY, LLC, MENLO REALTY INCOME TRUST 4 a/k/a REALTY INCOME TRUST 4, ABC CORPS 1-10, JOHN DOES 1-10 and JANE DOES 1-10, | |
| Defendants. | |

**DEFENDANT, PENNSYLVANIA CVS PHARMACY, L.L.C.'S (I/C/A CVS PHRMACY A/K/A CVS-EMMAUS, CVS HEALTH, AND CVS PHRMACY, INC.) PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441**

Defendant, Pennsylvania CVS Pharmacy, L.L.C. (i/c/a CVS Pharmacy a/k/a CVS-Emmaus, CVS Health, and CVS Pharmacy, Inc.) (hereinafter, "CVS"), by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, No. 220400989, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:

23808810v1

## I.   NATURE OF ACTION

1.      This action arises out of an alleged trip-and-fall accident that occurred on April 14, 2020, in the parking lot and/or walkway of a CVS store located at 702 Chestnut Street, Emmaus, Pennsylvania. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A".

2.      Plaintiff, Sharaye Baltimore, is a resident of Pennsylvania with an address of 625 Chestnut Street, Emmaus, Pennsylvania. Id. at ¶1.

3.      Defendant, Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 702 Chestnut Street, Emmaus, Pennsylvania. See Affidavit of Melanie K. St Angelo attached hereto as Exhibit "B."

4.      CVS Pharmacy, Inc. is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Id.

5.      "CVS Pharmacy a/k/a CVS- Emmaus" is a fictitious name. Id.

6.      "CVS Health" is a fictitious name. Id.

7.      A search of the Rhode Island Department of State's corporation search reveals at least six (6) different entities with an address of 1 CVS Drive, Woonsocket, RI 02895 – the address included within caption to Plaintiff's Complaint – with a legal name begins with "CVS Health".

8.      The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. Id.

9.      Defendant, Melno Realty Income Trust 4 a/k/a Realty Income Trust 4 (hereinafter "Melno") is a Maryland corporation with a business address of 7 St. Paul Street, Ste. 820, Baltimore, Maryland, 21202. See true and accurate copies of Maryland and Pennsylvania corporation documents attached hereto as Exhibit "C".

10.     Plaintiff alleges to have sustained "serious and personal injuries," "severe shock to the nerves and nervous system," "great pain, suffering and inconvenience," and has been "prevented from attending to [her] usual and customary duties and obligations." <u>See</u> Exhibit "A" at ¶28.  Plaintiff also alleges to have incurred, *inter alia*, medical expenses and financial expenses, loss of earnings and impairment of earning power and capacity, liens, and claims to be prevented from performing her usual customary activities. <u>See</u> <u>Id.</u> at ¶¶28-35.

11.     Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. <u>See</u> Exhibit "A."

## II.     <u>PROCEDURAL HISTORY</u>

12.     On April 12, 2022, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas.  <u>See</u> Exhibit "A".

13.     On April 13, 2022, Plaintiff mailed a copy of her complaint USPS addressed to "CVS Health" at 1 CVS Drive, Woonsocket, RI 02895. <u>Id.</u>

14.     Plaintiff failed to file an Affidavit of Service with the Philadelphia Court of Common Pleas as to "CVS Health" or any other defendant, as evidence of proper service.[1] <u>See</u> Pa. R.C.P. 405, 423.

15.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant shall have thirty (30) days after service of the Complaint to file a notice of removal.

16.     Assuming, for the purposes of the instant Petition only that CVS was served on April 19, 2022, as reflected in Exhibit "A", this notice of removal, and related papers, has been

---

[1] There is no evidence that Plaintiff properly served "CVS Health" – or any other defendant – under Pa. R.C.P. 423.

23808810v1

filed within thirty (30) days of the date of service of the Complaint on Defendant and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.    LEGAL ARGUMENT

### A.    THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

17.    Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

18.    Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

19.    A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

20.    Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

21.    In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

22.    As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

23.    Melno is a Maryland corporation. See Exhibit "C".

24.    The citizenship of CVS Pharmacy, Inc. is Rhode Island. See Exhibit "B".

25.    Pennsylvania CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc.  As the sole member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C. Id.

26.    As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendants (Rhode Island and Maryland).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

27.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

28.    The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

29.    "The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

30.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986)(finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

31.    In this case, Plaintiff alleges to have sustained "serious and personal injuries," "severe shock to the nerves and nervous system," "great pain, suffering and inconvenience," and has been "prevented from attending to [her] usual and customary duties and obligations." See Exhibit "A" at ¶28. Plaintiff also alleges to have incurred, *inter alia*, medical expenses and

financial expenses, loss of earnings and impairment of earning power and capacity, liens, and claims to be prevented from performing her usual customary activities. See Id. at ¶¶28-35.

32.     While CVS disputes Plaintiff's allegations, considering the damages claimed by Plaintiff, if taken to be true, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 amount in controversy minimum.

## IV.     CONCLUSION

33.     Therefore, with both the existence of diversity of citizenship between the parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, Pennsylvania CVS Pharmacy, L.L.C. (i/c/a CVS Pharmacy a/k/a CVS- Emmaus, CVS Health, and CVS Pharmacy, Inc.), respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____
           CHARLES W. SPITZ, ESQUIRE
           JOEL H. FEIGENBAUM, ESQUIRE
           Attorneys for DEFENDANT,
           PENNSYLVANIA CVS PHARMACY, L.L.C.
           (i/c/a CVS Pharmacy a/k/a CVS- Emmaus, CVS
           Health, and CVS Pharmacy, Inc.)

**DATED:** April 28, 2022

6

## <u>CERTIFICATE OF SERVICE</u>

JOEL H. FEIGENBAUM, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served via electronic mail to ashley@kaplunmarx.com and to all represented parties via USPS.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** April 28, 2022

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANT,
PENNSYLVANIA CVS PHARMACY, L.L.C.
(i/c/a CVS Pharmacy a/k/a CVS- Emmaus, CVS
Health, and CVS Pharmacy, Inc.)

7

23808810v1

## EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2022**    **000989** |
| E-Filing Number: 2204024258 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHARAYE BALTIMORE | CVS PHARMACY, ALIAS: CVS-EMMAUS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 625 CHESTNUT STREET<br>EMMAUS PA 18049 | 702 CHESTNUT STREET<br>EMMAUS PA 18049 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | CVS HEALTH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1 CVS DRIVE<br>WOONSOCKET RI 02895 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | CVS PHARMACY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | C/O CT CORPORATION SYSTEM PHIL 600 NORTH SECOND ST., STE. 401<br>HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 8 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY APR 12 2022 S. RICE | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SHARAYE BALTIMORE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ASHLEY E. KILLEEN | TWO BALA PLAZA, SUITE 300<br>BALA CYNWYD PA 19004 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610)660-7780 | (610)572-7301 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 312929 | ashley@kaplunmarx.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ASHLEY KILLEEN | Tuesday, April 12, 2022, 04:21 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. CVS PHARMACY
     ALIAS: CVS-EMMAUS
     702 CHESTNUT STREET
     EMMAUS PA 18049
2. CVS HEALTH
     1 CVS DRIVE
     WOONSOCKET RI 02895
3. CVS PHARMACY, INC.
     C/O CT CORPORATION SYSTEM PHIL 600 NORTH SECOND ST., STE. 401
     HARRISBURG PA 17101
4. PENNSYLVANIA CVS PHARMACY, LLC
     C/O CT CORPORATION SYSTEM PHIL 600 NORTH SECOND ST., STE. 401
     HARRIS PA 17101
5. MENLO REALTY INCOME TRUST 4
     ALIAS: REALTY INCOME TRUST 4
     C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR., SUITE 103
     HARRISBURG PA 17110
6. ABC CORPS 1-10
     000
     000 PA 00000
7. JOHN DOES 1-10
     000
     000 PA 00000
8. JANE DOES
     000
     000 PA 00000

Vinesign Document ID: BA725871-93B4-4C63-9948-56D06EFDB428

**KaplunMarx, PLLC**
By: Ashley E. Killeen Esquire
Attorney I.D. No.: 312929
2 Bala Plaza, Ste 300
Bala Cynwyd, PA 19004
610-660-7780
610-572-7301 (fax)

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
12 APR 2022 04:31 pm
E. RICE

| | |
|---|---|
| SHARAYE BALTIMORE<br>625 Chestnut Street<br>Emmaus, PA 18049 | IN THE COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PA |
| Plaintiff | APRIL TERM, 2022 |
| v. | NO: _____ |
| CVS PHARMACY a/k/a CVS-EMMAUS<br>702 Chestnut Street<br>Emmaus, PA 18049 | |
| and | |
| CVS HEALTH<br>1 CVS Drive<br>Woonsocket, RI 02895 | |
| and | |
| CVS PHARMACY, INC.<br>c/o CT Corporation System Philadelphia<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | |
| and | |
| PENNSYLVANIA CVS PHARMACY, LLC<br>c/o CT Corporation System Philadelphia<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | |
| and | |
| MENLO REALTY INCOME TRUST 4 a/k/a<br>REALTY INCOME TRUST 4<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | |
| and | |

Case ID: 220400989

ABC CORPS 1-10

and

JOHN DOES 1-10

and

JANE DOES 1-10

Defendants

CIVIL ACTION - COMPLAINT
NOTICE TO DEFEND

You have been sued in court, If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita en persona con un abogado y entregar a la corte en forma escrita sus defensas sus objeciones a las demandas en contra de su you. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero sus propriedades otros derechos importantes para usted

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral of the Philadelphia Bar Association
1101 Market Street
Philadelphia, PA 19107
215-238-6333

DEMANDA A UN ABOGADO IMMEDIATEMENTE SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. LLEVE ESTE

Servicio de Referencia Legal
1101 Market Street
Philadelphia, PA 19107
215-238-6333

Case ID: 220400989

## COMPLAINT

Plaintiff Sharaye Baltimore, by and through undersigned counsel, KaplunMarx, PLLC bring this claim against Defendants CVS Pharmacy a/k/a CVS-Emmaus, CVS Health, CVS Pharmacy, Inc., Pennsylvania CVS Pharmacy, LLC and Menlo Realty Income Trust 4 a/k/a Realty Income Trust 4 (hereinafter collectively "All Defendants") and in support thereof avers the following:

## PARTIES

1.    Plaintiff, Sharaye Baltimore (hereinafter "Plaintiff"), is an adult individual domiciliary of the State of Pennsylvania, with a residence address as captioned above.

2.    Defendant, CVS Pharmacy a/k/a CVS-Emmaus, is a corporation or other business entity, existing under the laws of the Commonwealth of Pennsylvania with an address as captioned above who was at all times relevant hereto, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property located at 702 Chestnut Street, Emmaus, PA 18049.

3.    Defendant, CVS Health, is a corporation or other business entity, authorized and duly licensed to do business in the Commonwealth of Pennsylvania, who was at all times relevant hereto, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049, with corporate offices at the above captioned address.

4.    Defendant, CVS Pharmacy, Inc., is a corporation or other business entity, authorized and duly licensed to do business in the Commonwealth of Pennsylvania, who was at all times relevant hereto, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049, with a Commercial Registered Office Provider at the above captioned name and address.

5.    Defendant, Pennsylvania CVS Pharmacy, LLC, is a corporation or other business entity, authorized and duly licensed to do business in the Commonwealth of Pennsylvania, who was

at all times relevant hereto, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049, with a Commercial Registered Office Provider at the above captioned name and address.

6.      Defendant, Menlo Realty Income Trust 4 a/k/a Realty Income Trust 4, is a corporation or other business entity, authorized and duly licensed to do business in the Commonwealth of Pennsylvania, who was at all times relevant hereto, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049, with a Commercial Registered Office Provider at the above captioned name and address.

7.      ABC CORPS 1-10 is a corporation or other business entity, who was at all times relevant hereto, upon information and belief, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property located at 702 Chestnut Street, Emmaus, PA 18049.

8.      The ABC CORPS 1-10 designation is fictitious.

9.      It is unknown where Defendant, ABC CORPS 1-10, currently has an office or principal place of business or in what corporate form it takes.

10.     A reasonable search to determine the actual name of Defendant ABC Corporation was conducted.

11.     JOHN DOES 1-10 is an adult individual, who was at all times relevant hereto, upon information and belief, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property located at 702 Chestnut Street, Emmaus, PA 18049.

12.     JANE DOES 1-10 is an adult individual, who was at all times relevant hereto, upon information and belief, the registered owner, operator, maintainer, controller, tenant, lessor, or lessee of the property located at 702 Chestnut Street, Emmaus, PA 18049.

Case ID: 220400989

13.     The JOHN DOES 1-10 and JANE DOES 1-10 designations are fictitious.

14.     It is unknown where Defendants, JOHN DOES 1-10 and JANE DOES 1-10, currently reside.

15.     A reasonable search was conducted to determine the actual names of JOHN DOES 1-10 and JANE DOES 1-10.

16.     At all times relevant hereto All Defendants acted through their agents, servants, workmen and/or employees, who were acting within the scope and course of their employment and the doctrine of Respondeat Superior is invoked herein.

17.     At all times relevant hereto All Defendants were responsible for care, control and maintenance of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049.

18.     At all times relevant hereto All Defendants were in exclusive possession, management, and control of the property known as CVS Pharmacy a/k/a CVS-Emmaus located at 702 Chestnut Street, Emmaus, PA 18049.

## VENUE

19.     All Defendants are corporations or other business entities conducting and doing substantial business in the City and County of Philadelphia, including but not limited to, purchasing supplies in Philadelphia, advertising for business in Philadelphia and owning, operating and/or managing properties in Philadelphia and therefore venue is proper in Philadelphia County.

## FACTS

20.     On or about April 14, 2020,  Plaintiff was a lawful business invitee attendee at CVS Pharmacy a/k/a CVS_Emmaus located at 702 Chestnut Street, Emmaus, PA 18049 (hereinafter the "Property"), when they was caused to slip/trip and fall on a dangerous and defective condition of All

Defendants' Property, that being the gap/depression between the sidewalk and walkway at the exit of the Property leading to the Property's parking lot, causing Plaintiff to fall and sustain injuries complained of hereinafter.

**COUNT I – NEGLIGENCE**
**PLAINTIFF VS. ALL DEFENDANTS**

21.     Plaintiff repeats, realleges and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein

22.     On or about the above date, the aforesaid hole/depression in the sidewalk/walkway where Plaintiff fell, was caused, permitted, and allowed by All Defendants to become and remain a highly dangerous condition and was not maintained and otherwise not reasonably safe for use by Plaintiff and other persons lawfully upon the Property and All Defendants had knowledge of this dangerous condition.

23.     At all times relevant hereto, All Defendants by their tenant, lessee, agent, servant, workmen and/or employees, had the duty and responsibility for the care, maintenance, inspection, and repair of the aforementioned property, including the aisles, walkways and appurtenances thereof, and to keep them in a reasonable safe condition for Plaintiff and others lawfully entering upon or using the Property.

24.     At all times relevant hereto, All Defendants acted or failed to act, individually or by their agents, servants, workmen, representatives and/or employees, who were acting or failing to act within the course and scope of their employment and authority on behalf of said Defendants.

25.     The aforesaid accident was caused solely by the negligence and carelessness of All Defendants and/or by their agents, servants, workmen, representatives and/or employees, especially in that they:

     a.   failed to adequately supervise, control, inspect, repair and maintain the Property;

b. failed to provide Plaintiff and other persons with an adequate and safe place to walk;

c. failed to warn Plaintiff of the existence of the dangerous condition of the hole/depression in the sidewalk/walkway which All Defendants knew or should have known to exist;

d. permitted the aforesaid hole/depression in the sidewalk/walkway to remain in a dangerous condition for an unreasonable length of time to the prejudice of the Plaintiff and other persons utilizing the area;

e. failed to post barricades and/or other devices to warn the Plaintiff and other persons of the dangerous condition of the hole/depression in the sidewalk/walkway, the condition of which All Defendants knew or should have known, constituted a peril to Plaintiff and other persons in the vicinity;

f. failed to exercise reasonable care to eliminate the aforesaid dangerous condition of the hole/depression in the sidewalk/walkway;

g. failed to adequately, regularly and properly inspect the common areas, parking area, field, stairway, walkways and appurtenances thereof where Plaintiff tripped and fell;

h. permitted the hole/depression in the sidewalk/walkway to remain in a condition constituting a peril, hazard and/or state of neglect to the prejudice of the Plaintiff herein, lawfully traversing same;

i. failed to meet the high standard of care which All Defendants owed to Plaintiff.

26.    All Defendants knew or should have known of the aforesaid dangerous conditions existing on, in and upon the Property, and of the fact that the conditions existed on the aforementioned date and for a period of time prior thereto.

27.    At all times relevant hereto, All Defendants were responsible for the inspection, maintenance, upkeep and repair of the aforesaid Property, in particular, but not limited to the

Case ID: 220400989

common areas, parking areas, stairway, walkways and appurtenances thereof where the aforesaid accident occurred and to make the area safe for Plaintiff and other persons lawfully in the area.

28. Solely as a result of the negligence and carelessness of the Defendants as aforesaid, Plaintiff was caused to sustain serious and permanent personal injuries in, on and about their person, as well as severe shock to the nerves and nervous system hereof, aggravation, activation, precipitation, and instigation of any pre-existing asymptomatic conditions and other severe injuries in, on, about their person, all of which have caused them great pain, suffering and inconvenience and have prevented them from attending to their usual and customary duties and obligations all of which have caused them to sustain great financial damage with said injuries being permanent in nature and character.

29. As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish to their great detriment and loss and has suffered a loss of life's pleasures and will continue to endure into the future and the same are permanent in nature and character.

30. As a further result of this accident, Plaintiff has paid or has been obliged to pay money for medical care in an effort to affect a cure for their injuries and may be obliged to expend such sums for an indefinite time into the future, to their great detriment and loss and claim is made for said medical expenses.

31. As a direct and proximate result of this accident aforementioned, Plaintiff has or may have incurred wage losses and/or a loss of earnings power.

32. As a further result of the negligence of All Defendants as aforesaid, Plaintiff was, and may in the future be, prevented from attending to their usual daily duties, functions, activities and occupations, all to their great loss and detriment.

33. As a result of the aforesaid accident, Plaintiff has suffered a diminution in their ability to enjoy life and life's pleasures, and said diminution is permanent in nature and character.

34.     As a result of the aforesaid accident, Plaintiff has incurred other financial expenses all in an effort to treat and cure themselves of the injuries sustained in the aforesaid accident, and a claim is hereby made against the All Defendants for said expenses.

35.     As a direct and proximate result of the carelessness and negligence of All Defendants', Plaintiff has had workers' compensation lien(s), healthcare lien(s), welfare lien(s), and/or other liens asserted against them, for which they make claims herein.

WHEREFORE, Plaintiff demands judgment in their favor and against All Defendants, jointly and severally and/or individually, for a sum **in excess of $50,000**, plus any such other relief as this Honorable Court deems just and equitable.

Dated: 04/11/2022                                              Respectfully submitted,

                                                   By:    _Ashley E. Killeen_
                                                          Ashley E. Killeen, Esquire
                                                          KaplunMarx, PLLC
                                                          Attorney for Plaintiff

Case ID: 220400989

# VERIFICATION

I, ___Sharaye Baltimore___, am the Plaintiff in the within action and state that the facts set forth in the foregoing Pleading are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities.

Date: 04/12/2022                          BY: _____
                                               Plaintiff



US POSTAGE ᴹᴬᴵᴸᴱᴰ ꜰᴿᴼᴹ PITNEY BOWES

$ 007.73⁰

ZIP 19004
02 7H
0006013451 APR 14 2022

FIRST-CLASS



CVS Health
1 CVS Drive
Woonsocket, RI 02895

7019 2280 0000 6395 8435

RX, PLLC
Suite 300
A 19004

**EXHIBIT B**

| | |
|---|---|
| SHARAYE BALTIMORE,<br><br>        Plaintiff,<br><br>        vs.<br><br>CVS PHARMACY a/k/a CVS-EMMAUS, CVS HEALTH, CVS PHARMACY, INC., PENNSYLVANIA CVS PHARMACY, LLC, MENLO REALTY INCOME TRUST 4 a/k/a REALTY INCOME TRUST 4, ABC CORPS 1-10, JOHN DOES 1-10 and JANE DOES 1-10<br>        Defendants. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>No. |

## AFFIDAVIT OF MELANIE K. ST ANGELO

BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. St Angelo, and being by me first duly sworn, on her oath, states as follows:

1.     My name is Melanie K. St Angelo, I am over the age of twenty-one (21) and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant, Pennsylvania CVS Pharmacy, L.L.C.'s (i/c/a CVS Pharmacy a/k/a CVS-Emmaus, CVS Health, and CVS Pharmacy, Inc.) Petition for Removal.

2.     I am the Sr. Manager, Corporate Services, and Assistant Secretary of CVS Pharmacy, Inc.

3.     At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. is a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

4.     Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 702 Chestnut Street, Emmaus, Pennsylvania.

5.     CVS Pharmacy, Inc. is the sole managing member of Pennsylvania CVS Pharmacy, L.L.C.

6.     "CVS Pharmacy a/k/a CVS- Emmaus" and "CVS Health" are fictitious names.

_____<br>
MELANIE K. ST ANGELO

Sworn to before me this 25th<br>
day of April, 2022

_____<br>
NOTARY PUBLIC

CHRISTINA M CAPPALLI<br>NOTARY PUBLIC<br>STATE OF RHODE ISLAND<br>MY COMM. EXPIRES 03-21-2024

# **EXHIBIT C**

Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)     Login (https://hub.business.pa.gov/login)

Search entity / Select entity / **Order documents**

# Order Business Documents



**Date**: 04/21/2022

## Business Name History

| Name | Name Type |
|------|-----------|
| Menlo Realty Income Trust 4 | Prior Name |
| Realty Income Trust 4 | Current Name |

### Business Entity Details
### Officers

| Name | Realty Income Trust 4 |
|------|----------------------|
| **Entity Number** | 4194569 |
| **Entity Type** | Business Trust |
| **Status** | Active |
| **Citizenship** | Foreign |
| **Entity Creation Date** | 06/05/2013 |
| **Effective Date** | 06/05/2013 |
| **State Of Inc** | MD |
| **Address** | %CORPORATION SERVICE COMPANY Dauphin |

## Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 entries          Filter Records

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|--------|------|----------|-------|---------------------|-------|------------------------|---------------------|-------------|-----------------|---------------|------------|
| ☐ | 06/05/2013 | CERTIFICATE OF AUTHORITY 1 | 2 | 1 | $3.00 | 0 | $40.00 | | | | |

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 07/28/2014 | AMENDED CERT. OF AUTHORITY--BUSINESS Foreign 2 | 2 | 1 | $3.00 | 0 | $40.00 | | | | |

Showing 1 to 2 of 2 entries                                    Previous  | 1 |  Next

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | All Dates | All Certified Copies | 4 | Quantity #  1 | $52.00 | | | |
| ☐ | All Dates | All Plain Copies | 4 | Quantity #  1 | $12.00 | | | |

## Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | | Line Total |
|---|---|---|---|---|---|---|---|
| ☐ | 04/21/2022 | Certificate of Registration | 1 | 1 | $40.00 | | |
| ☐ | 04/21/2022 | Index and Docket Report | 1 | 1 | $15.00 | | |
| ☐ | 04/21/2022 | Index and Docket Certified Report | 1 | 1 | $55.00 | | |

## Order Total :

<< Back to Search Results

Login

# REALTY INCOME TRUST 4: B15265515

**Department ID Number:**

B15265515

**Business Name:**

REALTY INCOME TRUST 4

**Principal Office:** ℹ️

7 ST. PAUL STREET

SUITE 820

BALTIMORE MD 21202

**Resident Agent:** ℹ️

CSC-LAWYERS INCORPORATING SERVICE COMPAN

7 ST. PAUL STREET

SUITE 820

BALTIMORE MD 21202

**Status:**

ACTIVE

**Good Standing:**

THIS BUSINESS IS **NOT IN GOOD STANDING**

**Reason(s) Entity is NOT in Good Standing:**

Annual Report Due For 2021

**Business Type:**

DOMESTIC STATUTORY TRUST

**Business Code:**

20 ENTITIES OTHER THAN CORPORATIONS

**Date of Formation/ Registration:**

05/28/2013

**State of Formation:**

MD

**Stock Status:**

N/A

**Close Status:**

N/A

# CORPORATE CHARTER APPROVAL SHEET
## ** EXPEDITED SERVICE** ** KEEP WITH DOCUMENT **

DOCUMENT CODE _100_  BUSINESS CODE _20_

\# _____

Close _____  Stock _____  Nonstock _____

P.A. _____  Religious _____

Merging (Transferor) _____

_____

_____

_____

Surviving (Transferee) _____

_____

_____

_____

```
1000362004919652

ID # B15265515 ACK # 1000362004919652
PAGES: 0003
MENLO REALTY INCOME TRUST 4


05/28/2013  AT 10:36 A WO # 0004145117
```

New Name _____

_____

### FEES REMITTED

| | |
|---|---|
| Base Fee: | _100_ |
| Org. & Cap. Fee: | _____ |
| Expedite Fee: | _90_ |
| Penalty: | _____ |
| State Recordation Tax: | _____ |
| State Transfer Tax: | _____ |
| Certified Copies | _23_ |
| Copy Fee: | _____ |
| Certificates | _____ |
| Certificate of Status Fee: | _20_ |
| Personal Property Filings: | _____ |
| Mail Processing Fee: | _____ |
| Other: | _____ |
| TOTAL FEES: | _233_ |

Credit Card _____  Check _✓_  Cash _____

_____ Documents on _____ Checks

Approved By: _14_

Keyed By: _JJB_

COMMENT(S): _W.I._



_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name
_____

_____ Other Change(s)
_____
_____

Code _871_

Attention: _____

Mail: Name and Address

**CORPORATION SERVICE COMPANY**
**STE 1660**
**7 SAINT PAUL ST**
**BALTIMORE MD 21202-1626**

---

**Stamp Work Order and Customer Number HERE**

```
CUST ID:0002928537
WORK ORDER:0004145117
DATE:05-28-2013 10:36 AM
AMT. PAID:$233.00
```

## MENLO REALTY INCOME TRUST 4

### CERTIFICATE OF TRUST

THIS IS TO CERTIFY THAT:

FIRST:      The undersigned trustees do hereby form a statutory trust pursuant to the laws of the State of Maryland.

SECOND:   The name of the statutory trust (the "Trust") is:

MENLO REALTY INCOME TRUST 4

THIRD:      The address of the Trust's principal office in the State of Maryland is:

CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 1660
Baltimore, MD  21202

FOURTH:   The name and business address of the Trust's resident agent are:

CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 1660
Baltimore, MD  21202

FIFTH:      The undersigned, being all of the trustees of the Trust, acknowledge under the penalties of perjury, that to the best of their knowledge and belief, the facts stated herein are true.

IN WITNESS WHEREOF, the undersigned trustees have signed this Certificate of Trust of MENLO REALTY INCOME TRUST 4 this 24th day of May, 2013.

Gary M. Malino

John P. Case

Paul M. Meurer

Michael R. Pfeiffer

663482-5 EYR

I hereby consent to my designation in this document as resident agent for this corporation.

CSC-Lawyers Incorporating Service Company

Signed: _____
                 Resident Agent

       ELINAM RENNER
       ASSISTANT VICE PRESIDENT

```
CUST ID:0002928537
WORK ORDER:0004145117
DATE:05-28-2013 10:36 AM
AMT. PAID:$233.00
```